## THE PEOPLE *ex rel.* HAMILTON *v.* HARRIS.

It is the duty of a justice of the peace, when an appeal-bond is presented to him for his approval, to act promptly.   If he receives the bond without objection, it will be too late to disapprove it the next day.

An offer to pay the justice his costs, on appeal, so soon as the appeal-papers are ready to transmit to the County Court, is not a sufficient tender, under the statute.   The fees must be tendered unconditionally.

The justice is not bound first to make out the papers, and then rely on his fees being afterwards paid.

Where an alternative *mandamus* was issued to a justice of the peace to compel him to send up papers on appeal to the County Court, to which he answered that his fees had not been paid or tendered "prior to the service of the alternate writ :" *Held,* his answer is no defence to the writ being made peremptory, as the fees may have been paid *since* the service of the writ.

APPEAL from the County Court of San Francisco County.

The facts appear in the opinion of the Court.

*A. T. Willson* for Appellant.

*J. A. McDougall* for Respondent.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., and FIELD, J., concurring.

*Mandamus* from the County Court to compel the defendant, a

justice of the peace, to transmit the papers and the copy of proceedings, in the case of Rabe v. Hamilton and others.

It appears that the bond was filed with the justice on the 20th May, 1857, in the sum of two thousand dollars, and the proper affidavit of the two sureties was made before the justice. The bond was not marked "approved" by the justice, but was received by him without objection at the time. On the next day the justice endorsed upon the bond " not approved."

We think the justice should have rejected the bond promptly. Under the circumstances, we must hold that the bond was approved.

The next point made by the defendant is, that his costs were not tendered as required by law. The affidavit of Hamilton states that he "was and is ready to pay the justice's fees on appeal, so soon as the papers were ready to transmit to the County Court, and offered to do so within the ten days allowed by law."

The 627th section of the Code requires the justices' fees to be paid before the justice is required to send up the papers. We think this provision applies to appeals from Justices' Courts, in cases of forcible entry and detainer. The sixteenth section of the act (Wood's Digest, 469,) provides that either party "may appeal within ten days, as in other cases tried before justices of the peace;" and the seventeenth section repeals all laws requiring a statement of the case, or evidence, or exceptions to be taken before a justice, in these cases of forcible entry and detainer. It would have been entirely unnecessary to put in this repealing provision, if the provisions of the Practice Act would not otherwise apply to such cases.

The true construction of this act, as to the mode of proceeding, would seem to be this: The case must be governed by the provisions of the act, so far as they go, and as to other matters not embraced by the words of the act, the general rules governing proceedings in these Courts will apply.

An offer to pay, *when the papers are made out*, is not sufficient to constitute a tender of the fees. The appellant must tender to the justice the amount of his fees, unconditionally. If the justice refuses to state the exact amount, then the appellant should offer to deposit with him such amount as he may demand, as surety for the fees, when ascertained. If an excessive deposit be demanded, the appellant should tender the amount he may judge sufficient; but he must be careful to tender an amount equal to the fees; otherwise his tender will not be good. The justice is not bound first to make out the papers, and then rely upon his fees being afterwards paid. He is not bound to credit the appellant.

In this case, the affidavit did not show a strict compliance with the statute; but we think this was no cause of demurrer. The affidavit was sufficient to authorize the issuing of the *alternative*

writ. The right to the fees is a matter that the justice may waive. The provision was intended for his benefit. (Bray v. Redman, 6 Cal. Rep., 287.) This right he should assert by answer. The objection that the defendant's fees were not paid or tendered, was set up in the answer; but it is only alleged that the fees were not paid or tendered "previous to the time of the service of the alternative writ of *mandamus*." This allegation was a good excuse for not making out the papers, before the alternative writ was served, but was no justification for refusing to do so after the service; provided the fees were tendered a reasonable time before the answer. The failure of the defendant to state that they were not tendered at any time, either before or since the service of the writ, was fatal to his defence. Had he stated that the fees were not tendered before the service of the writ, but that they had since been paid or tendered, and therefore he had sent up the papers, and the facts had corresponded with the answer, then the Court should have taxed the relator with the costs of the proceeding.

The appeal itself was perfected when the bond was filed and notice given. If the appeal be not prosecuted, the same may be dismissed, after notice in the Appellate Court. (§ 367.) The provisions of § 627, in reference to the payment of fees, refer to the making out of the papers. The payment or tender of the fees does not strictly constitute a condition of appeal, but a condition precedent to sending up the papers; but this condition may be waived by the justice, or the fees may be paid at any time, so as to bring the case up before the County Court, within the period limited by the rules of that Court. The appeal is taken in ordinary cases, by complying with the provisions of §§ 624, 625, and 628.

Judgment affirmed.