## THE PEOPLE v. MURRAY.

In an indictment for murder, it is not necessary that the indictment should specifically aver that the killing "was willful, deliberate, and premeditated." It is sufficient, to charge the crime in the words of the statute.

The rule is well settled, that the reputation of the deceased can not be given in evidence, unless, at the least, the circumstances of the case raise a doubt in regard to the question whether the prisoner acted in self-defence. It is no excuse for a murder that the person murdered was a bad man; but it has been held that the reputation of the deceased may sometimes be given in proof to show that the defendant was justified in believing himself in danger, when the circumstances of the contest are equivocal. But the record must show this state of case.

APPEAL from the District Court of the Fourteenth Judicial District, County of Sierra.

The facts sufficiently appear in the opinion of the Court.

*McConnell and Niles* for Appellant.

*Attorney-General* for Respondent.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., and FIELD, J., concurring.

The defendant was convicted of the crime of murder in the first degree. The conviction is sought to be impeached on two grounds:

1. That the indictment does not justify such a conviction. The indictment charges "that the said Michael Murray and Richard Galway, on the 27th of December, 1857, in said county of Sierra, did willfully and maliciously, feloniously, and of their malice aforethought, in and upon one Daniel Sweeny, make an assault," etc.

It is argued, by the counsel for the appellant—as murder in the first degree is "that which shall be perpetrated by means of poison, lying in wait, torture, or by any other kind of willful, deliberate, and premeditated killing, or which shall be committed in the perpetration, or attempt to perpetrate, any arson, rape, robbery, or burglary; and all other kinds of murder shall be

deemed murder of the second degree; and the jury before whom any person indicted for murder shall be tried, shall, if they find such person guilty thereof, designate, by their verdict, whether it be murder in the first or second degree;"—that it is necessary the indictment should specifically aver the killing "was willful, deliberate, and premeditated." By Article 1884, § 19, (Wood's Digest, 330,) murder is defined to be the "unlawful killing of a human being, with malice aforethought, either express or implied. The killing may be effected by any of the various means by which death may be occasioned."

The crime of murder, then, is divided into two degrees: first and second. It is clear that the crime charged upon the defendant, the charge following the words of the law, is sufficiently described. It is evident that as it is left to the jury to decide whether the defendant is guilty of murder in the first or second degree, that no distinction between the first and second degrees of the crime was considered necessary to be made by the indictment; for, if the indictment charged the murder in the second degree, it would not be necessary, of course, for the jury to designate the degree. The case of The People v. Dolan, (9 Cal., 571,) is decisive of the principle of this case.

The other point made is, the exclusion of evidence of the character of the deceased for turbulence, recklessness, and violence. The rule is well settled that the reputation of the deceased can not be given in evidence, unless, at the least, the circumstances of the case raise a doubt in regard to the question whether the prisoner acted in self-defence. It is no excuse for a murder that the person murdered was a bad man; but it has been held that the reputation of the deceased may sometimes be given in proof to show that the defendant was justified in believing himself in danger, when the circumstances of the contest are equivocal. But the record must show this state of case. This does not. (3 S. & P., 316.)

The judgment of the Court below is affirmed, and that Court will designate a day to carry its sentence into execution.