## NEW ORLEANS INSURANCE COMPANY *v.* ALBRO COMPANY.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

Submitted November 17, 1884.—Decided December 8, 1884.

It is within the discretion of a Circuit Court to take an appeal bond in which each surety is severally bound for only a specified part of the obligation.

The omission in an appeal bond, to mention the term at which the judgment was rendered, is not fatal; but may be cured.

A defence to a suit on a policy against perils of the sea and barratry; that the sale of the cargo after loss of the vessel was made with a want of diligence which the evidence in the case showed was equivalent to barratry, *Held*, To be frivolous.

This was a motion to dismiss, with which a motion to affirm was combined under the rule. The grounds for both branches of the motion are fully stated in the opinion of the court.

*Mr. Charles E. Schmidt* for plaintiff in error.

*Mr. O. B. Sansum* for defendant in error.

Mr. Chief Justice Waite delivered the opinion of the court.

The motion to dismiss is put on the ground that the security bond is defective, 1, because the sureties are not jointly or severally bound for the full amount of the obligation, but each

severally for a specified part only, and, 2, because the judgment brought under review by the writ of error is not described with sufficient certainty.

The bond is certainly unusual in form, but we cannot say that it is not within the legal discretion of a justice or judge, under some circumstances, to take it.  Cases may arise in which it will be impossible to obtain security if this mode is not adopted.  It being within the discretion of the judge to accept such a bond as security, his action in that particular is final, and, under the rule laid down in *Jerome* v. *McCarter*, 21 Wall. 17, not reviewable here.

In the matter of the description of the judgment the bond is in the form which has been much in use, except that it omits the term at which the judgment was rendered.  The better practice undoubtedly is to specify the term in describing the judgment, but the omission of such a means of identification is not necessarily fatal, and certainly, before dismissing a case on that account, opportunity should be given to furnish new security.

It is apparent from the record that the writ of error must have been sued out for delay only.  The suit was upon a policy issued by the Insurance Company to the Albro Company for the insurance of a cargo of mahogany and cedar wood on board the bark Commodore Dupont, against the perils of the sea and the barratry of the master of the bark at and from the port of Santa Anna, Mexico, to the port of New Orleans.  The bark was driven on the bar at Santa Anna and wrecked in a severe gale while loading, and her cargo was cast on the sea and driven ashore.  While in this condition the cargo was sold, and the proceeds, which were but small, after deducting charges and expenses, paid over by the master to the Albro Company.  In the petition the loss of the vessel and her cargo is averred, and also the sale of the cargo under the orders of the port authorities at Santa Anna.  In the answer the loss of the vessel was admitted, but it was insisted, by way of defence, that due diligence was not used by the master in saving the cargo and forwarding it to its place of destination as the policy required.  Upon the trial "the plaintiffs introduced evidence

tending to show that the sale of the insured cargo by the master was made under such circumstances as constituted a necessity for making the same, and rendered the act of the master in making the same the act of the defendants, in that, under the law of insurance, the authority therefor would be implied. The defendants introduced evidence tending to establish the absence of those circumstances which so gave authority to the master to make such sale, and tending to show the failure on his part to seasonably communicate with the owners and underwriters; and the same evidence, introduced by the defendants, besides being applicable to the two issues, as stated above, tended further to establish that the act of the master in making the said sale of the insured cargo was an act of barratry, in that it was made, and especially was made, in time and manner, knowingly contrary to his best judgment and to the injury of whomsoever it might concern; and all the evidence tending to establish a barratrous sale came from the defendant.

" The court instructed the jury that, under the pleadings, the evidence which had been adduced before them in the cause authorized them to inquire and find—

" 1st. Whether the sale of the master was made under such circumstances as, according to the principles or rules in the law of marine insurance (which were stated to the jury), made the act of sale on the part of the master the act of the underwriters, and that if upon this question they found for the plaintiff, then the defendant's liability was established.

" 2dly. The court instructed the jury that if they found that, according to the principles and rules of marine insurance (which had been stated to them), the act of sale on the part of the master was not the act of the underwriters, but they found that, while he had exceeded his authority he had acted in good faith, then the defendant was discharged from all liability.

" 3dly. The court further instructed the jury that if they found that, according to the rules and principles of marine insurance (which had been explained to them), the act of sale by the master was not the act of the underwriters, the defendants, still, if they found that such sale was barratrously made, *i. e.*,

was an act of barratry, which was defined to them by the court, then also the liability of the defendant was established.

"No exception was taken by the counsel for the defendant to the rules or principles of law by which the court, in its instructions, had stated they must determine the question of implied authority from the defendant on the part of the master to make the sale, nor to the test by which the jury was to determine whether an act of barratry had been committed.

"But the counsel for the defendant, before the jury retired to deliberate upon their verdict, reserved an exception to that part of the charge of the court alone by which the court submitted the question of barratry or no barratry to the jury, in the instruction numbered 3d."

We are unable to discover even the semblance of an error in the part of the charge excepted to.. The petition presented distinctly the question of the liability of the insurance company, under its policy, for the loss of the cargo which had been stranded by a peril of the sea and sold by the master of the vessel. The defence was in effect, that the cargo ought to have been gathered up after the stranding and forwarded to the place of destination. Upon the issue thus raised by their pleadings the parties went to trial, and testimony was submitted to the jury on both sides. That of the insurance company tended to show not only that the sale was not justified by the circumstances, but that in making the sale the master was guilty of barratry.. The court told the jury, in substance, that if the master, acting in good faith, sold the cargo when he ought not to have done so, the insurance company would not be bound by his sale; but, "if the sale was barratrously made, *i. e.,* was an act of barratry," the company must make good the loss—and this clearly because it had insured against the barratry of the master as well as the perils of the sea. It is true that the parties did not, in their pleadings, rely upon the barratry either as a ground of action or of defence, but the insured did sue for the loss occasioned by the perils of the sea and the sale by the master, and the insurance company, in attempting to prove that the sale was not justifiable under the circumstances, gave evidence tending to prove that it was bar-

ratrously made. It was upon this evidence coming from the insurance company that the court told the jury that the barratry of the master would not relieve the company from its liability in this action for the loss which followed from the stranding by a peril of the sea, and the subsequent barratrous sale. Certainly we are not called upon to retain a case on our docket for argument upon such a question.

There was sufficient color of right to a dismissal to make it proper for us to entertain a motion to affirm with the motion to dismiss.

The motion to dismiss is denied, but that to affirm is granted.

*Affirmed.*