H. D. FORBES & BRO., APPELLANTS, VS. THOMAS V. PORTER, APPELLEE.

1. The identification in an appeal bond of the judgment appealed from is sufficient, if it is certain, even though it be inartificial.

2. No appeal lies from an order refusing to dissolve an attachment.

3. Where exceptions are taken upon the trial of an issue of fact before a jury in an attachment proceeding. the bill of exceptions may be settled as in other cases and filed, but no appeal can be t<ken from an order refusing to dissolve the attachment until there has been final judgment for the plaintiff upon the claim or demand which the attachment was levied to secure.

Appeal from the Circuit Court for Marion county.

The facts in the case are stated in the opinion.

*Hampton & Hampton* for the motion.

*Miller & Spencer*, contra.

MR. JUSTICE RANEY delivered the opinion of the court:

I. This is a motion to dismiss the appeal because the appeal bond does not " recite and sufficiently identify " the judgment appealed from.

From the transcript of the record filed September 3, 1886, it appears that according to the *præcipe*, summons *ad respondendum*, and declaration and the affidavit, bond, writ and other proceedings in attachment, the appellees sued Henry D. Forbes and Edward F. Forbes, partners and merchants, trading in Marion county, Florida, under the

firm name of H. D. Forbes & *Bro.*, in assumpsit, damages $1,350. The summons *ad respondendum* was issued and served March 12th, 1886, and the attachment, affidavit and bond and writ were filed and issued and levied the same day. The motion to dissolve the attachment having been denied, the defendant, "Forbes & Bro.," entered by their attorneys a formal appearance in the cause and demurred to the declaration. The demurrer was overruled, and afterwards, on July 5, 1886, there was a default entered in the Clerk's office, for want of a plea, against the "defendants," the style of the cause being "Thomas V. Porter vs. H. D. Forbes & Bro.," and afterwards, on the 29th day of the same month, final judgment was entered in the cause, entitled "Thomas V. Porter vs. Henry D. Forbes and Edward F. Forbes, partners, under firm name of H. D. Forbes & Bro.," in favor of the "plaintiff," against the "defendants," for the sum of $669.13, "as principal, and the further sum of $20.07 as legal interest from March 12th, 1886, to date of this judgment," as well as the further sum of $34.79 "as costs."

Afterwards defendants filed their appeal bond in the Clerk's office. This bond, after stating the State and county thus: "State of Florida, County of Marion," proceeds: "Know all men by these presents, that we, Henry D. Forbes and Edward F. Forbes, partners, under the firm name of H. D. Forbes & Bro., * * * are held and firmly bound unto Thomas V. Porter * * * ," and recites that "the condition of the above obligation is such that whereas, Thomas V. Porter, in a certain suit in attachment, has recovered a judgment against Henry D. Forbes and Edward F. Forbes, under the firm name of H. D. Forbes & Bro., for the sum of" $689.20, "and the said H. D. Forbes & Brother desiring to appeal from said judgment to the Supreme Court of the State of Florida, now, if the said H. D. Forbes

& Brother shall pay the debt, damages, condemnation and costs," &c. It is signed " H. D. Forbes & Bro.," and by sureties, and sealed. This bond we understand to have been filed on the 16th day of August, but however this may be, it is not contended that it was not filed in proper time.

The bond does not commend itself as a precedent. Yet we think it sufficiently identified the judgment. The sum of $689.20, which is described as the amount of the judg-ment, is the aggregate of the principal and interest of the recovery, exclusive of the costs, and, as is well known, it is a common practice to specify the amount of a judgment without reference to the costs. The individual names of the parties are properly given. Though it is a fact that in the body of the bond the abbreviation " Bro." is not used, but the word " Brother " is written in full. Yet in the signature of the appellants the abbreviation is used, showing that the extended expression is used interchange-ably with the other. The common pronunciation or ex-pression of the firm name, whether spelled with the abbre-viation or the extended word, is the same. The bond re-fers also to the suit as one in attachment; and, though the action was not solely one in attachment, this reference is to an ear mark of the suit which aids materially in identifying it. The bond must be taken to refer to a suit pending in the same court in which it was filed by the appellants, un-less it expressly indicates the contrary, and there is no in-dication to the contrary. This bond identifies with cer-tainty the judgment appearing in the record as the one ap-pealed from ; it does not leave the question in doubt ; this is sufficient.

II. There is also a motion to strike the bill of exceptions from the record because the appeal was not taken and per-

fected within thirty days from the order denying the motion to dissolve the attachment. We understand the bill of exceptions to relate to proceedings on the trial of the motion to dissolve, upon an issue of fact before a jury.

No appeal lies from an order refusing to dissolve an attachment. Harrison vs. Thurston, 11 Fla., 307; Marshall vs. Ravisies, 22 Fla. Appellants, before they could appeal, had to wait until the recovery of a final judgment, an appeal from which brought up the interlocutory order for review. They had their bill of exceptions, as to the points reserved on the trial of the issue in attachment, settled and signed, and filed previously, to be used in case of such final judgment and appeal; this was proper.

Both motions are denied, and it will be so ordered.