CHARLES E. JACKSON, APPELLANT, vs. CHRISTINE A. RELF, ET ALS., APPELLEES.

1. Where a supersedeas bond in a chancery appeal does not identify with certainty the decree appealed from, the supersedeas will be vacated by this court,

2. A supersedeas bond which does not state the court, nor correctly name the county in which the cause is pending, nor designate the decree appealed from, nor name with certainty the cause in which such decree was rendered, is not a proper supersedeas bond.

3. Supersedeas vacated without prejudice to right of appellant to file a new bond and obtain a supersedeas according to the law and practice governing in such cases.

Appeal from the Circuit Court for Volusia county.

The facts of the case are stated in the opinion.

*C. P.* and *J. C. Cooper*, for the motion.

*John. W. Price* and *D. S. Walker, Jr.*, contra.

MR. JUSTICE RANEY delivered the opinion of the court: .

Appellees, who were complainants below, moved to vacate the supersedeas in this cause. The supersedeas bond fails to identify with certainty the decree appealed from. It not only does not identify the decree appealed from, but it also fails to identify with certainty the cause in which the decree was rendered. The decree, as set forth in the transcript before us, shows both by the title of the case, as stated, and by the context of the decree, that John S. Relf is a complainant *as* administrator of the estate of Sam'l H. Williams, yet in the bond he is not so represented to the exclusion of the fact that the language used in it may be merely *descriptio personæ*. The bond does not moreover

correctly name the county in which it is filed, nor does it state what court the case is pending in. In Forbes vs. Porter, decided in January, 1887, 23 Fla., 47, 1 So. Reptr., 336, we held that the identification in the appeal bond of the judgment appealed from is sufficient if certain, even though it be inartificial. In the case before us the identification falls short of that in that cause and we do not think it right to push the doctrine any further. Appellees are entitled to have appeal and supersedeas bonds designate, with certainty, in some way, the decree appealed from, so as to secure them against any question in the future as to what decree the sureties are bound for. It is a fact moreover, there being no fraudulent purpose imputed to appellant, that no harm can result to appellant from our action, as he will not be precluded by it from obtaining a supersedeas on filing a proper bond in compliance with the practice in such cases. Johnson et al., vs. Polk county, decided at present term, 3 So. Reptr., 414; Harris vs. Ferris, 18 Fla., 81; Seward vs. Corneau, 102, U. S., 161; N. O. Ins. Co. vs. Albro Co., 112 U. S., 506.

An order will be entered vacating the supersedeas but without prejudice to appellant filing a new bond and obtaining a supersedeas according to the law and practice governing in such cases.