LEVI W. CLAPP *et al. vs.* EDWARD FREEMAN.

A statute required as the condition of appeal from a district court in certain cases that the defendant should give bond to the plaintiff with sufficient sureties "to the satisfaction of such court." The papers sent up in an appealed case contained a bond with the indorsement of the clerk of the District Court "filed," but with no other indorsement or record of approval.

*Held*, that the presumption was that the bond had been found satisfactory by the District Court, as it could not properly have been received and filed until the court had approved it.

On motion to dismiss an appeal in the Court of Common Pleas because the statutory bond had not been approved by the District Court, appealed from, the question of approval or nonapproval was submitted to a jury.

*Held*, error. The question was for the court.

The jury found that the bond had not been approved by the justice of the District Court.

*Held*, irrelevant. Under ₁Pub. Laws R. I. cap. 597, § 10, of May 27, 1886, the justice of a district court may or may not be the court.

EXCEPTIONS to the Court of Common Pleas.

*October* 5, 1888.  PER CURIAM.  This is an action of trespass and ejectment for the recovery of a tenement let, originally brought in the District Court for the Tenth Judicial District, from which, after judgment for the plaintiffs, it was taken by appeal to the Court of Common Pleas.  The statute giving jurisdiction to the District Courts requires that on appeal by the defendant the appellant shall give, besides a bond to prosecute, a bond to the plaintiff with sufficient surety or sureties to the satisfaction of the court, in such sums as the court may order, to pay all rents or other money due for the occupation of such tenement or estate, etc.  Such a bond appears among the papers sent up from the District Court to the Court of Common Pleas, indorsed, "filed April 26, 1888," but without any other indorsement or any record of approval by the District Court.  In the Court of Common Pleas the plaintiffs moved that the appeal be dismissed for want of such approval apparent upon the record.  The defendant offered to prove that the bond was satisfactory to the District Court, but the Court of Common Pleas dismissed the appeal, and the defendant excepted.

We are of the opinion that the court below erred in dismissing the appeal, the presumption from the fact that the bond is among the papers indorsed as "filed," being that it was satisfactory to the District Court, inasmuch as it could not properly be received and filed until the court had approved it.

Exceptions sustained and case remitted to Court of Common Pleas for trial.                              *Exceptions sustained.*

·The case was reëntered in the Court of Common Pleas, and the question whether the bond had been approved was submitted to a jury, which found that "the bond to pay rent, filed in the clerk's office of the District Court of the Tenth Judicial District, was never approved by the justice of said District Court."  The plaintiff excepted to the action of the court in submitting this question to a jury.

*June,* 13, 1889.  PER CURIAM.  We think the court below erred in submitting to the jury the question whether the bond was approved by the District Court or not, the question being

raised upon a motion to the court and not upon any plea on which there was an issue to the jury. Besides, the jury found, not that the bond was not approved by the District Court, but only that it was not approved by the justice of the District Court, which may be a different thing. Pub. Laws R. I. cap. 597, § 10,[1] of May 27, 1886.

The exceptions are sustained, and the case is remitted to the Court of Common Pleas. *Exceptions sustained.*

*Charles H. Page, Franklin P. Owen, & Jacob W. Mathewson,* for plaintiff.

*W. B. Tanner,* for defendant.

---

[1] As follows:

" SECT. 10. Whenever a justice of a district court shall be absent from the district or unable to serve, his duties shall be performed by the clerk of such court, if any there be, who shall constitute such court, and the fact of such absence shall be recorded in the records of such court. If the clerk of any district court shall be absent or unable to serve, his duties shall be performed by the justice thereof."