JAMES T. MCMICHAEL, APPELLANT, VS. ECKMAN & VESTBURG, ET AL., APPELLEES.

1. An appeal from an order dissolving an injunction does not of it self reinstate the injunction, but an appeal, and an order by the Circuit Judge or a Justice of the Supreme Court under the statute that the appeal shall operate as a supersedeas to the order appealed from and a compliance with the terms of the supersedeas order as to giving bond, do restore the injunction.

2. If a person is entitled to an exemption out of personal property which has been levied upon by a Sheriff, it is his right to have the exemption set apart in kind, and if this right can at any time be denied him to the extent of having the entire property levied on sold, and of remitting him to taking the money value of the exemption, if it shall be found at the end of litigation that he is entitled to the exemption, it will at least not be done where it is not shown that the delay incident to setting

aside the property claimed as exempt, will be fatal to the in-terests of the parties concerned.

3. Where the sale of goods, wares and merchandise has been en-joined until one thousand dollars' worth of personal prop-erty shall be set aside for complainant as the exemption of personal property allowed the head of a family by the Consti-tution, the property claimed as exempt to be scheduled imme-diately in the manner directed by law, and remain in the pos-session of the Sheriff, and subsequently the injunction is dis-solved on motion of defendants, and the complainant hav-ing appealed from the dissolving order, an order is made that the appeal shall operate as a supersedeas on the filing and ap-proval of a specified bond, the appellate court will not, on pe-tition of the appellees acting under the assumption that the required bond has been given, vacate or modify the superse-deas so as to permit a sale of the entire property on the ground that it is perishable, and that the sheriff, misunderstanding the scope and meaning of the supersedeas order, refuses to sell the property levied on or any part thereof, particularly where it is not shown that the property is perishable to the extent that would render the delay fatal to the interests of the parties concerned.

4. Where a supersedeas order, made in a chancery appeal to the Supreme Court, requires that the bond shall be conditioned for the payment of damages and costs, and a bond condi-tioned for the payment of costs only, is taken and approved by the Clerk of the Circuit Court as a compliance with the or-der, the bond will be held insufficient and the approval of it vacated by the Supreme Court.

5. A supersedeas bond which does not identify the decree appealed from, will not be accepted or approved by the Supreme Court·

Appeal from the Circuit Court for Pasco County.

The facts of the case are stated in the opinion.

Motion to modify supersedeas.

*Sparkman & Sparkman, Thomas Palmer,* for the motion. *R. W. Williams, contra.*

RANEY, C. J.: An injunction was granted by J. C. Wal-lace, Court Commissioner of Pasco county, restraining the

appellees, including the Sheriff, from selling the personal property of appellant until one thousand dollars' worth of the same should be set aside to appellant as the head of a family residing in this State, as exempt from forced sale under the constitution and laws.

The following provisions appear in the injunctional order: "This order shall not be construed so as to delay the sale of other goods, wares and merchandise advertised to be sold on the sixth day of January, A. D., 1890 ; but, on the contrary, that the said personal property claimed to be exempt by the complainant, John T. McMichael, shall be scheduled by him immediately upon issue of this order, to the Sheriff. The appraisal thereof shall be had as the law directs, without delay, and the sale of the goods, wares and merchandise, with the exception of said exemption, proceed as advertised. It is further ordered that the personal property so selected and appraised as the exemption of the said McMichael, remain in the possession of the Sheriff until the further order of the Circuit Court."

Subsequently the cause came on to be heard before the Circuit Judge, on motion of the defendants, appellees here, and he made a decree setting aside the order and dismissing the bill ; and from this decree McMichael appealed and applied for a supersedeas, and one of the Justices of this Court made an order, in the form usual in our practice, that the appeal should operate as a supersedeas to the decree of the Circuit Judge, upon the appellant giving bond with sureties and of the penalty and condition, and to be approved as in the order specified.

Appellees have filed a petition before this court which sets forth in substance that the goods, wares and merchandise mentioned in the record, and out of which the appellant claims one thousand dollars' worth as exempt, have al-

ready been held under the attachments and executions mentioned in the record for a period of almost ten months, rapidly perishing and depreciating in value, and should in justice to all parties be sold at as early day as possible, but that the Sheriff, misunderstanding the scope and meaning of the supersedeas, refuses to sell the goods, which aggregate in value almost seven thousand dollars, or any part thereof, and prays that the supersedeas be either vacated or so modified as to permit the Sheriff, under the direction of this Court or of the Circuit Court, to sell all of said goods, wares and merchandise, and to dispose of the proceeds or any portion thereof in such way as will fully protect the parties thereto.

There is nothing in the injunctional order or supersedeas that interferes with a sale of the property over and above that which the Sheriff may set aside as claimed to be exempt. As soon as it is set aside, the remainder of the property should be sold, as may be proper either under the executions or under orders made on the law side of the Circuit Court in the attachment causes for the sale of the property as perishable. The injunction and supersedeas operate as a limitation upon the writs of execution and the orders of sale to this extent, but not further. Although an appeal from a decree dissolving an injunction does not of itself under our practice operate to reinstate the injunction, yet where an order is made that the appeal shall operate as a supersedeas to such decree, and the terms of the superseding order as to giving bond have been complied with, we are satisfied the injunction is thereby reinstated. Authorities of great respectability hold that the *allowance* of an appeal by the court will reinstate the injunction. Penrice vs. Wallis, 37 Miss., 172; Yoncrum vs. Moore, 4 Bibb, 221; Turner vs. Scott, 5 Rand., 332; Williams vs. Pouns, 43 Texas, 141.

The thousand dollars' worth of goods so set aside for the complainant as retained in his possession by the Sheriff will stand subject to the proceedings in the chancery cause, which has been transferred to the exclusive jurisdiction of this court through the instrumentality of the appeal and supersedeas. Holland vs. State of Florida, 15 Fla., 549.

The purpose of the bond required by the supersedeas order is to indemnify the appellees for any damage they may sustain by reason of the appeal and supersedeas. It is the right of the complainant, if he is entitled to the exemption, to have one thousand dollars' worth of the property in kind, and as long as he can give a sufficient bond to indemnify appellees against loss, we should not at this stage of the cause deny him this right. The statements of the petitioner are not consistent with the idea that the property is perishable to the extent that would render any delay fatal to the interests of the parties concerned, and the sufficiency of the bond is not questioned in any respect.

Whether it would not, in view of the litigation, be to the advantage of all parties to consent in writing to an order which would permit the sale of the entire property, and a deposit of one thousand dollars to abide the result of the litigation, or to some other permissible order that in their judgment would subserve the interest of all parties, is a matter for their consideration; but we do not see that there is any reason for vacating the supersedeas, or, assuming that we have the jurisdiction to go to the extent requested, any necessity to modify it, and hence the motion should be denied, but the denial will be without prejudice to the rights of either party to move for such relief as under the nature or circumstances of the case may seem necessary to the rights or to the protection of the interests of the parties, and may be within our jurisdiction.

It will be ordered accordingly.

Subsequently, appellees filed a petition, praying for an order declaring the bond insufficient, and vacating the approval thereof.

*Sparkman & Sparkman, Thomas Palmer,* for Appellees.

*R. W. Williams,* for Appellant.

RANEY, C. J.: Appellees have filed a petition stating, among other things, they have discovered since the last order made in this cause, that the bond given by the appellant under the supersedeas order, does not comply with its requirements in that it is not conditioned for the payment of "damages and costs," as provided in that order, but for the payment of costs only, and praying that the supersedeas if regarded by us as being of any force or effect, be vacated and set aside, or for such other relief as petitioners may be entitled to. We find that the bond given is conditioned only for the payment of costs, whereas the plain meaning and effect of the supersedeas order is that the bond shall be conditioned for the payment to appellees of all damages and costs which may be sustained or incurred by them in consequence of such appeal and supersedeas, in case the order appealed from shall be affirmed. The bond is palpably inadequate, and should not have been approved. It is only necessary to read the supersedeas order to know that its intention was that the decree appealed from should remain in full force and operation until and unless a bond in compliance with it should be given.

The appellees are entitled to an order from us declaring the bond to be insufficient, and vacating the approval thereof.

Appellant has tendered, upon the argument of this motion, a new bond approved by the Judge of the Sixth Cir-

cuit, and asked that it be accepted by this Court as a compliance with the supersedeas order, without passing upon the right of the Circuit Judge to authorize the Clerk of the Circuit Court of Pasco County to approve the former bond, or his right to act pending this motion, on the second bond after the other one had been approved by the Clerk, which bond was also subsequently approved by himself. We find that the new bond does not identify the decree of January 15, 1890, appealed from, and for this reason we withhold our approval of it. Jackson vs. Relf, 24 Fla., 198.

It will be ordered accordingly.