ROBERT JAMES LOWE v. WARREN W. KEITH

190 So. 67
Division A
Opinion Filed June 23, 1939

*E. M. Baynes,* for Appellant.

*Ellis Sherrill, for Appellee.*

BUFORD, J.—The appeal brings for review decree of foreclosure based upon stipulation of facts as follows, to-wit:

"That the plaintiff and defendant are all residents of Palm Beach County, Florida; that the defendant was adjudicated a bankrupt on the 9th day of June, 1938, and that Egbert Beall was duly appointed Trustee for the bankrupt's estate; that the defendant, Robert J. Lowe, admits the indebtedness of $650.00 to the plaintiff and the execution and delivery of a mortgage and note, on July 16th, 1937; that the copy of the mortgage attached to this stipulation is a true and correct copy of the original mortgage, and no sum whatsoever has been paid thereon. The indebtedness is now past due, and the defendant is due the plaintiff the amount as set out in the mortgage, together with interest and attorney's fees.

"Egbert Beall was appointed Trustee on the 29th day of June, 1938, and went into possession of the stock of goods, fixtures and merchandise of the bankrupt at 110½ South Dixie, West Palm Beach. Also the stock of goods, fixtures and merchandise of the store in Fort Lauderdale, Florida. At the request of the attorney for the defendant, the Trustee removed the stock of goods from the Fort Lauderdale store to the store at 110½ South Dixie, West Palm Beach, Florida. At the time this suit was commenced the property from the Fort Lauderdale store had been

moved into the store at 110½ South Dixie Highway, West Palm Beach, Florida.

"The defendant claimed his exemption upon the stock of merchandise and fixtures of the Fort Lauderdale store which was sold by order of the bankrupt court in order to determine whether it was worth more than the appraised value. The property brought the appraised value of less than $1,000.00 and on August 10th, the Bankruptcy Court set aside this property of the Fort Lauderdale store, then located in the West Palm Beach store to the bankrupt as his exemption, copy of such order is hereto attached.

"That pursuant to said order and after five days had passed, the Trustee delivered said exempt property to the defendant in West Palm Beach, Florida, on August 17th, 1938, having removed the property from 110½ South Dixie, West Palm Beach, Florida, to a store located on Clematis Street, where the property was delivered to the defendant. This property was removed from the store at 110½ South Dixie, to the Clematis Street store at the request of the defendant. The aforementioned stock of goods of the Fort Lauderdale store is covered by a list of same marked amended Schedule 'A,' attached to the fourth amendment to the bill of complaint as a true and correct list of the stock of merchandise and fixtures removed from the Fort Lauderdale store to the store at 110½ South Dixie, West Palm Beach, Florida, and is the goods and fixtures set aside to the defendant as his exemption and later taken over by this Court's receiver.

The sale of the exempt assets of the bankrupt was made upon the following order of the Referee in Bankruptcy:

" 'In the matter of ROBERT JAMES LOWE, Bankrupt, you are hereby notified that all the assets of the above bankrupt, including the exemption, will be offered for sale, free and clear of all liens, and sold to the highest and best

bidder for cash, at the front door of the County Court House, West Palm Beach, Florida, on Wednesday, August 10, 1938, at 10:00 A. M., by Egbert Beall, Trustee.

" 'L. EARL CURRY, Referee.'

"And the defendant was the sole and highest and best bidder for the exempt property at said sale. Plaintiff and her attorney were present at the time of the sale and the confirmation of the same made in the Court. The defendant at said sale did not pay the actual cash money for the property, but the property itself was delivered to the defendant, instead of the cash. At said sale the stock of goods and fixtures of the West Palm Beach store located at 110½ South Dixie, was sold and the sale confirmed for the sum of $500.00 to a third party.

"It is further agreed that the defendant was operating the Fort Lauderdale store and the West Palm Beach store prior to the execution of the mortgage made to the plaintiff, and there is no question of the co-mingling of the goods by the trustee, but that he kept the Fort Lauderdale store property and the West Palm Beach store property separate and apart and they were sold separate and apart.'

"Willis Sherrill<br>"Wm. C. Sherrill<br>"Attorneys for Plaintiff<br><br>"E. M. Baynes<br>"Attorney for Defendant.

$650.00     West Palm Beach, Florida     July 16, 1937

"ON OR BEFORE the 16th day of April, 1938, I promise to pay to Maude A. Keith or order, Six Hundred Fifty and No/100 Dollars at West Palm Beach, Florida, with in-

terest at the rate of eight per cent per annum from date until paid. Value received.

"Witness:

"Willis Sherrill        "ROBERT J. LOWE (L. S.)

"Ethel M. Sherrill

"And said Robert J. Lowe as mortgagor for the purpose of securing the prompt and full payment of the same at maturity do give unto said Maude A. Keith, her heirs, successors and assigns, a mortgage lien upon the following property, now in his possession, custody and control, in the County of Palm Beach and State of Florida, to-wit:

"All the fixtures, equipment and stock of goods of said Robert J. Lowe in his store at 110½ South Dixie in West Palm Beach, Florida, the stock alone being valued at $3500.00. It is the agreement of the parties hereto that said Robert J. Lowe shall have the right to make sales from his said stock of goods but agrees to replenish same from time to time and agrees to keep said stock up to a minimum of not less than $1000.00 at wholesale prices free of incumbrances aside from the lien of this mortgage.

"And he, the said Robert J. Lowe, does hereby warrant and represent that he has full right and power to encumber said property as above set forth, and that the same is free and clear of all other mortgages, liens or encumbrances of any kind or nature whatsoever.

"And the said Robert J. Lowe does hereby agree that if said note or any part thereof remains unpaid at maturity, to pay all costs, charges and expenses together with an attorney's fee of ten per cent on the amount of the claim that the said Maude A. Keith heirs, successors or assigns may incur or be put to in collecting said money by law or otherwise.

"And the said Robert J. Lowe do hereby waive the ben-

efit of the Homestead and Exemption Laws of the State of Florida, upon the above described property.

"In Witness Whereof, I have hereunto set my hand seal this 16th day of July, A. D. 1937.

"Willis Sherrill        "Robert J. Lowe (L. S.)
"Ethel M. Sherrill

"State of Florida
"County of Palm Beach

"Personally appeared before me, Robert J. Lowe, to me well known as the individual described in and who executed the foregoing instrument, and acknowledged that he executed the same for the purpose therein expressed, whereupon it is prayed that the same may be recorded.

"In Witness Whereof I have hereunto affixed my hand and seal this 16th day of July, A. D. 1937.

"WILLIS SHERRILL

"Notary Public

"My Commission expires April 15, 1940.
"NOTARY PUBLIC SEAL

"PLAINTIFF'S EXHIBIT 'A'
"(Endorsed on back thereof)

"CHATTEL MORTGAGE ROBERT J. LOWE TO MAUDE A. KEITH, Dated July 16, 1937.

"State of Florida    } ss
"County of Palm Beach }

"This instrument was filed for record at 11:30 A. M., this 16th day of June, 1938, and recorded in Pers. Prop. Book 17 at page 199, Record verified. GEO. O. BUTLER, Clerk Circuit Court by S. L. Campbell, D. C.

"SCHEDULE B

"UNITED STATES DISTRICT COURT
"SOUTHERN DISTRICT OF FLORIDA
"IN BANKRUPTCY No.————

."In the matter of ROBERT JAMES LOWE, Bankrupt.

"THIS CAUSE Coming on to be heard, and it appearing unto the Court that the Bankrupt's exemption as set aside by the Trustee was offered for sale and did not bring more than the appraised value thereof, and it further appearing unto the Court that no valid objections were filed within ten days to the Bankrupt's homestead exemption, and it further appearing unto the Court that Maude A. Keith claims a lien by virtue of a purported mortgage against said homestead and this Court being of the opinion that it has no jurisdiction to determine the validity of the mortgage of Maude A. Keith against the homestead claim of the Bankrupt, and it further appearing unto the Court that there is now pending in the Circuit Court of Palm Beach County, Florida, a bill brought by said Maude A. Keith to foreclose her said mortgage, and this Court being of the opinion that said claim can be properly determined by said State Court which has jurisdiction,

"IT IS THEREUPON ORDERED, ADJUDGED AND DECREED that the Trustee in Bankruptcy hold said exemption belonging to the bankrupt for a period of five days, and that the Trustee in Bankruptcy be and he is hereby authorized and directed to respect and obey said order as shall be made by the Judge of said State Court with reference to said homestead exemption and to turn over to any receiver, sheriff or other officer as may be appointed to receive same by the State Court, the Bankrupt's homestead exemption.

"IT IS FURTHER ORDERED, that if no order for the taking

of said property be made within said five days the Trustee may deliver said homestead exemption to the Bankrupt.

"Dated at West Palm Beach, Florida, this 10th day of August, A. D. 1938,

"Attest: "L. EARL CURRY, Referee in Bankruptcy.
"A true copy

"L. Earl Curry, Referee."

The record shows that pending this suit Maude A. Keith has died and the suit is continued in the name of Warren Keith.

In the final decree the Court held the property taken charge of in the Fort Lauderdale store by the Trustee in Bankruptcy and removed by the Trustee in Bankruptcy to the store at 110½ Dixie Highway, West Palm Beach, Florida, and which was delivered to the Bankrupt as property exempt to him under the homestead law, to be subject to the lien of the mortgage.

It must be noted that the mortgage lien is limited to property described as follows:

"All the fixtures, equipment and stock of goods of said Robert J. Lowe in his store at 110½ South Dixie in West Palm Beach, Florida, the stock being valued at $3500.00. It is the argeement of the parties hereto that said Robert J. Lowe shall have the right to make sales from his said stock of goods but agrees to replenish same from time to time and agrees to keep said stock up to a minimum of not less than $1000.00 at wholesale prices free of incumbrances aside from the lien of this mortgage."

The mortgage was not recorded until after the appointment and qualification of a Trustee in Bankruptcy and, therefore, the mortgagee lost his status as a secured creditor to the prejudice of other creditors.

The property in the Fort Lauderdale store was not

covered by the mortgage and it was not moved into the West Palm Beach store to "replenish" the stock of the store but was moved there solely for the purpose of administering the estate of the Bankrupt.

It is too well settled to require the citation of supporting authorities that a bankrupt may schedule as exempt to him as homestead property such property as may be free and clear of liens rather than encumbered property. See Sec. 3881 R. G. S., 5788 C. G. L., McMichael v. Eckman, 26 Fla. 43, 7 Sou. 365.

The parties to the mortgage were *sui juris*. They made the mortgage contract and are bound by its terms which are clear and unambiguous. The courts will not write a new contract for them. See Stokes, *et al.,* v. Victory Land Co., 99 Fla. 795, 128 Sou. 408; Atlanta & St. A. Ry. Co. v. Thomas, *et al.,* 60 Fla. 412, 53 Sou. 510; Continental Casualty Co. v. Bows, 72 Fla. 17, 72 Sou. 278.

In the latter case we held:

"All parties who are *sui-juris,* including insurance companies and persons having property insured as well as others, in the eyes of the law, before the court, stand upon an equal footing, entitled to equal rights and protection, and none to special privileges. All parties are free to make whatever contracts they please, so long as no fraud or deception is practiced and the contract is legal in all respects.

"Parties are bound by the contracts they make, when the same are legal, and it is the duty of the courts to construe and enforce contracts, not to make or change them."

See also Travers, *et al.,* v. Stevens, 108 Fla. 11, 145 Sou. 851; 12 Am. Jurisprudence, page 749, Sec. 228.

It is contended that because there is an apparent waiver of homestead exemption in the mortgage the property set apart as the homestead exemption of the bankrupt may be

sold to satisfy the debt. In Carter's Administrators v. Carter, *et al.*, 20 Fla. 558, it was held:

"A waiver of any benefit of exemption laws, or an agreement that all the debtor's property shall be subject to levy and sale, contained in a promissory note, is inoperative as against the policy of the exemption laws. Otherwise as to a mortgage or pledge of specific property."

The property here involved was not pledged in the mortgage. The mortgagee held no lien upon this property, as has been hereinbefore pointed out, and as the property was not encumbered by a lien, it is exempt from forced sale when it has been set apart to the homesteader as his homestead exemption. A fulsome discussion of the principles involved here will be found in the case of Jones v. Carpenter, 90 Fla. 407, 106 So. 127.

For the reasons stated, the decree appealed from must be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.