José Oliver Aresti et al., Plaintiffs and Appellees, *v.* Feliciano Soto, Defendant and Appellant; Antonia Pérez Zambrana, Intervener and Appellant.

No. 8159. Argued April 8, 1940.—Decided July 22, 1940.

408

*È. Martínez Avilés* for appellants. *E. Pérez Casalduc* and *Efraín Ramírez Ramírez* for appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

José, Manuel, and Catalina Oliver Aresti brought an action of unlawful detainer against Feliciano Soto as a tenant at will. Antonia Pérez Zambrana obtained leave of the court to intervene and filed a complaint in intervention. On February 14, 1940, the district court ordered the eviction of defendant and dismissed the complaint of intervention. Two days later defendant and intervener filed their notice of appeal. On February 19, Antonia Pérez Zambrana, as principal, and the Glens Falls Indemnity Company, as surety, submitted to the court for its approval a bond of $800, binding themselves to pay plaintiffs, should the judgment be affirmed, all damages which they might suffer by reason of the appeal. On March 1st, plaintiffs challenged the sufficiency of the bond. On March 14th, the district court held that it was insufficient for want of an undertaking to pay the costs and that the court was powerless to permit an amendment or the filing of a new undertaking. In support of this latter ruling the court cited *Pol* v. *District Court*, 48 P.R.R. 367;

*Suau* v. *Pol,* 51 P.R.R. 431; *Fabián* v. *Rodríguez,* 53 P.R.R. 427; *Figueroa* v. *Sepúlveda,* 24 P.R.R. 645.

On March 18th, defendant and the intervener filed their notice of appeal from the order of March 14th.

Plaintiffs now move to dismiss both appeals: as to the first, on the ground that it was *inadmissible* for want of a sufficient bond within the time fixed by law, and, as to the second, without specifications.

█ In *Mas* v. *Berríos,* 52 P.R.R. 851, this court held, as stated in the syllabus, that:

"An appeal from a judgment in an unlawful detainer proceeding may not be dismissed on the ground that the bond on appeal has been declared invalid, when the order declaring the bond invalid has in turn been appealed and the latter appeal is being perfected."

In the *Mas* case there was no motion to dismiss the second appeal, while here, appellees move to dismiss the second appeal as a matter of course, or upon grounds to be supplied by this court without the aid of counsel. This is not enough to distinguish the *Mas* case.

What we have said disposes of the motion.

It has occurred to us, however, that some mention should be made of certain questions that have arisen in the course of our own discussion of the cases cited by the district judge.

As a general rule, an appeal is taken by filing a notice thereof and serving a similar notice on the adverse party. Section 296 of the Code of Civil Procedure (1933 ed.). In actions of unlawful detainer "appeals shall be taken within a term of five (5) days counting from the date on which notice of the judgment was given to the parties prejudiced thereby, or to their attorneys, by the clerk of the corresponding court." Section 11 of the Law, now section 630 of the Code of Civil Procedure. Section 631 reads as follows:

"Whenever the action of unlawful detainer is founded upon the nonpayment of the amounts agreed upon, the defendant shall be

denied the right of appeal unless he deposits in the office of the secretary of the court the amount due as the price up to the date of the judgment. In all other cases it shall be an indispensable requisite to the right of appeal on the part of the defendant that he furnish an undertaking to the satisfaction of the court, binding himself to pay all damages which may be occasioned to the plaintiff, and also the costs of the appeal. Both the deposit and the undertaking referred to in this section shall be made or filed within the time granted for taking an appeal.''

In *Figueroa* v. *Sepúlveda*, 24 P.R.R. 645, 649, this court said:

''The municipal court exceeded its jurisdiction in rendering its decision of October 4, 1916, annulling the bond and allowing the defendant five days from said date to furnish a good undertaking in the sum of two hundred dollars. Permitting the filing of such new undertaking was tantamount to allowing the appeal to be perfected after the expiration of the period prescribed by the Unlawful Detainer Act and in manifest violation thereof.

''This is not a question of the insufficiency of a bond, but of a bond held to be null and void. The second bond is new and, in its essential elements, distinct from the first.''

There petitioners for a writ of certiorari were well represented. Respondent did not appear.

In *Pol* v. *District Court*, 48 P.R.R. 367, a notice of judgment for plaintiff was given defendant August 4, 1933. Defendant filed his notice of appeal August 5th. A bond for $5,000—the amount which had been fixed by the court August 5th—was filed August 7th. Plaintiff moved August 9th for a cancellation of the bond, and the dismissal of the appeal. On August 11th, the district judge decided that the bond should not be approved and on the authority of *Figueroa* v. *Sepúlveda, supra,* refused to admit the appeal.

During a vacation period, the late Mr. Justice Córdova Dávila issued a writ of certiorari and, after a hearing, vacated the district court's order of August 11th. As pointed out in Judge Córdova's opinion, plaintiff's motion was filed on the last day of the period within which defend-

ant was required to perfect his appeal. On the same day a notice of the motion was sent by mail from Mayagüez in an envelope addressed to defendant's attorney in Arecibo. Defendant was given no opportunity to be heard, to cure any of the alleged defects, to establish the responsibility of his sureties or to furnish a new bond.

From Judge Córdova's opinion we take the following excerpt:

"According to the Law of Unlawful Detainer a bond satisfactory to the court must be filed. The law does not determine in what manner it should be made to appear that the bond is satisfactory, and in the absence of a controlling statute the approval may be inferred from the facts and does not have to appear expressly stated. 3 C. J. 1174. What the court must do is examine the bond promptly, and if it is not satisfactory it should make it known so that the defendant may make amendments or file a new bond.

"In the case of *People* v. *Harris,* 9 Cal. 572, the Supreme Court of California said:

" 'It appears that the bond was filed with the justice on the 20th May, 1857, in the sum of two thousand dollars, and the proper affidavit of the two sureties was made before the justice. The bond was not marked "approved" by the justice, but was received by him without objection at the time. On the next day the justice endorsed upon the bond "not approved".

" 'We think the justice should have rejected the bond promptly. Under the circumstances, we must hold that the bond was approved.'

"We are not going as far as the California court. We do not believe that because the bond is received without objection the court is estopped to refuse it the following day. But we repeat and hold that the non-approval should be made to appear as soon as possible for the reasons above stated.

"In the case of *Clapp* v. *Freeman,* 16 Atl. 207, decided by the Supreme Court of Rhode Island it was only stated that the bond had been filed but it did not appear that it had been approved by the trial court. The Court of Appeals dismissed the appeal for lack of approval and the Supreme Court expressed itself thus:

" 'We are of the opinion that the court below erred in dismissing the appeal; the presumption from the fact that the bond is among the papers indorsed as "Filed" being that it was satisfactory to the

district court, inasmuch as it could not properly be received and filed until the court had approved it.'

"In the case of *Asch* v. *Wiley*, 20 N. W. 21, the Supreme Court of Nebraska said:

" 'The record shows that an appeal bond in proper form, with two sureties, was presented to the county judge within the time required by law for taking the appeal; that it was accepted by him, filed, and spread upon his docket. If the bond did not comply with the requirements of the law, it was the duty of the county judge to refuse to receive it, and notify the party seeking to take the appeal of the fact, in order that he might at once procure the necessary sureties. There is nothing in the record to show that he had any notice of the action of the county judge until the twelfth day of May, when he procured the additional signer.'

"In the case of *Anderson* v. *Haslett et al.*, 106 P. 296, the Supreme Court of Kansas holds that when a party wishes to appeal from a judgment and within ten days of its rendition files with the court's secretary a bond conditioned according to law, with sufficient sureties, said party has done everything required of him to perfect his appeal and he may not be deprived of his rights by default or negligence of the judge in approving the bond after the time for appeal has expired.

"When the defendant filed the bond in the District Court of Aguadilla there were two days left before the time within which to file the appeal would expire. The court's order was entered two days after the time had expired.

"We understand that according to the jurisprudence above cited the order of the District Court of Aguadilla dated August 11, 1933, disallowing the appeal because no bond had been filed within the term allowed for said appeal must be annulled."

On appeal from Mr. Justice Córdova's order, this court said:

"The Justice who rendered the judgment giving rise to this appeal, in annulling the order of the lower court refusing to approve the bond tendered by the defendant and as a consequence denying the appeal taken by him, based his decision upon the grounds that when the bond is in any way defective, both the court and the plaintiff must act with the necessary promptness to give the defendant an opportunity to correct such defects or to tender a new bond; that

the objection to the bond was filed the same day upon which the term to perfect the appeal had expired and was notified by mail from Mayagüez to Arecibo, when practically there was no time to correct the errors pointed out, to show the sufficiency of the sureties, or to tender a new bond; that the court has a clear duty to examine promptly the bond, so that if it is unsatisfactory, it may be corrected or another bond tendered; and that when the bond was filed, there were two days to run in the period within which the appeal had to be taken, but that the court entered its order two days after it had expired. He cited some decisions of courts in the United States.

"We think that the appellant, from whom the law requires a bond on appeal, has the primary duty of filing a bond which fulfills the legal requirements, since otherwise he runs the risk of losing his rights. We do not know of any duty imposed by the law upon the appellee by virtue of which he must necessarily attack the bond in sufficient time for the appellant to correct any defects which it might have or to tender in time another bond, so that he would lose his right to a sufficient bond and would have to continue without adequate security during the time of appeal and until final judgment. On the other hand, the facts in this case show that the appellant was not diligent in tendering his bond, since, although he had the bond executed on August 5, while there were still four days of the five granted by the law, he kept it and did not tender it until the 7th, when there were only two days left in the legal term. They also show that the plaintiff was extremely diligent in the attack which he made on the bond, since although the bond was tendered on the 7th without a showing that he was notified, on the following day, the 8th, he investigated in Utuado the properties which the sureties swore that they had there, and presented the evidence secured by him to the court on the following day, the 9th, in order to show that the sureties did not have sufficient property to respond for the sum of $5,000. It is true that the 9th was the last day for the appellant to perfect his appeal, but as to this the plaintiff cannot be blamed or charged with lack of diligence. The appellant was at fault in tendering a bond which did not comply with the requirements of the law, and in failing to tender it on the 5th, the day on which it was executed, when there would have been four days within which it could have been impugned and passed upon by the court. Similarly, no blame can be imputed to the court, since, even

though the attack on the bond had been decided on the 10th, the term to correct the bond or to tender a new one would have already expired. In any event, although the order of the court of August 11th might be considered as tardy, even if such error existed, the plaintiff would not be responsible for this error of the court. We have already shown that the plaintiff was in no sense at fault. However, the order appealed from creates a situation in which the appeal may be prosecuted without bond, since, according to the documents presented by the plaintiff, although we decide nothing with respect to them at this time, the sureties do not have property sufficient to guarantee the payment of $5,000.

''In spite of what we have said, we believed that the defendant had a right to be heard before refusal to approve the bond, so that he might have an opportunity to show that not only was it properly drafted, but also that his sureties owned properties sufficient to respond for the obligation which they undertook, notwithstanding the documents presented by the plaintiff. For this sole reason, and for such purpose, the order of the district court of August 11, 1933, must be vacated, and the judgment appealed from which we are deciding, to that extent modified.'' *Pol* v. *District Court,* 48 P.R.R. 367, 372.

■ Judge Córdova's opinion and the authorities cited by him are entitled to serious consideration. The five-day period within which a defendant must ''furnish an undertaking to the satisfaction of the court'' is drastic enough. It can not be shortened by judicial legislation and no penalty should be imposed by the courts upon a defendant who fails to furnish such an undertaking within a shorter period.

■ It may be conceded that, generally speaking, a bond must meet the statutory requirements and that an appellant who fails to meet these requirements may lose his right of appeal. It does not follow that a defendant who, within the statutory period, has filed an undertaking to which no objection is interposed—either by the judge or by the plaintiff—before the expiration of such period, forfeits his right of appeal merely because plaintiff thereafter discovers some insignificant curable defect, or that in such circumstances

the defect may not be cured by amendment or by the filing of an additional undertaking. It is true the law does not, in terms, require that a plaintiff-appellee should act promptly in order that a defendant-appellant may have an opportunity to cure the defects if any. Neither does the law require that defendant-appellant should furnish an undertaking satisfactory to plaintiff-appellee. If the undertaking when submitted to the judge meets his approval, that is enough. If plaintiff-appellee should subsequently discover some defect overlooked by the judge, he is not without a remedy and, of course, should not be obliged to submit to a continued prosecution of the appeal to its final determination, without adequate security for damages and costs. We cannot agree that the conclusion reached by Judge Córdova created any such situation. If the sureties were in fact insolvent and the bond practically worthless—as a *prima facie* showing made by plaintiff-appellee in the district court would seem to indicate—this court, no doubt, would have dismissed the appeal without unnecessary delay. See *Fabián v. Rodríguez, infra.*

In *Suau v. Pol,* 51 P.R.R. 431, this court, following the decisions in *Figueroa v. Sepúlveda, supra,* and *Pol v. District Court, supra,* held, as stated in the first two paragraphs of the headnotes, that:

"Where on appeal an order of a district court refusing to approve a bond given to perfect the appeal is set aside on the ground that the appellant was not given an opportunity to prove that it was well drafted and that the sureties were solvent, if the case is remanded and a date is set to make such proof and the appellant confines himself to an attack on the rule which gives him said opportunity, the lower court may insist in its refusal and dismiss the appeal.

"Where the bond is filed in time, the decision as to its sufficiency when challenged is not one which necessarily must be rendered within the time to appeal. The duty of the appellant is to furnish within said period a sufficient bond. If when attacked it is held to be

good, it remains effective, if it is held invalid it becomes nonexistent, and a new term to give another bond in its place can not be granted if the period to appeal fixed by the statute has already expired.''

In *Fabián* v. *Rodríguez,* 53 P.R.R. 427, this court said:

"The record before us clearly establishés, however, that the appeal taken by defendants Fuertes and Casanova failed at its very basis when the bond furnished to perfect it was declared null and void. This is a sufficient ground to dismiss it. See *Pol* v. *District Court & Suau, Int.,* 48 P.R.R. 367, and *Suau* v. *Pol,* 51 P.R.R. 431, in the latter of which it is said:

" 'It is the duty of appellant to furnish within said period a sufficient bond. If the bond when attacked is held to be good, it remains effective; if it is held to be invalid, it becomes nonexistent, and a new term can not be allowed to furnish another in its place, which is what in fact was decided by the case of *Figueroa et al.* v. *Sepúlveda,* 24 P.R.R. 645,...' "

What this court said in *Suau* v. *Pol* and in *Fabián* v. *Rodríguez,* should be construed in the light of the facts before the court in those cases. In the *Suau* case the bond was for $5,000. The district court had refused to approve it because it was practically worthless. No question of amendment had been suggested and no amendment was possible because one of the sureties had no property worth mentioning and the property of the other was so heavily encumbered that he was ineligible. In the *Fabián* case the bond had been declared ineffective and void by the district court. As already pointed out, the bond in the *Figueroa* case was also held to be void. It was such a bond that this court had in mind when it said in the *Suau* case and repeated in the *Fabián* case that: ''It is the duty of appellant to furnish within said period a sufficient bond. If the bond when attacked is held to be good, it remains effective; if it is held to be invalid it becomes nonexistent, and a new term can not be allowed to furnish another in its place, which is what in fact was decided by the case of *Figueroa et al.* v. *Sepúlveda,* 24 P.R.R. 645. . .''

In 3 Am. Jur. (Appeal & Error) 183, section 510, we read:

"As a general rule, even in the absence of express statutory authority, an appellate court has inherent power to require or permit an amendment or to require or permit a new bond to be filed in lieu of a defective appeal or error bond or supersedeas bond which has been filed in good faith. This inherent power is denied, however, in some jurisdictions, at least where the original bond is void.

"In many jurisdictions statutes have been adopted which expressly authorize the appellate court to permit an amendment or to allow a new bond to be filed in ˈcase the appeal or error or supersedeas bond is defective. These statutes are substantially alike and remove any doubt which might have existed as to the power to require or permit the filing of a new bond or an amendment to the old defective bond. The power of the appellate court in this respect is a discretionary one, and will not always be exercised in favor of the appellant.

"Despite the statutory provisions, however, a limitation upon the power of the appellate court to require or permit a new bond to be filed has been established. It is usually held that the filing of an appeal bond is necessary to give the appellate court jurisdiction. Consequently, in those jurisdictions in which the bond is a prerequisite of appellate jurisdiction, if the bond is void or radically defective, it has been held that no new bond can be filed in the appellate court, that court not having acquired jurisdiction to hear the appeal." *Seward* v. *Corneau,* 102 U. S. 161; *Hudson* v. *Parker,* 156 U. S. 277, 287; *New Orleans Ins. Co.* v. *Albro Co.,* 112 U. S. 506; *Ferguson* v. *Dent,* 29 Fed. 1, and note; *Deford* v. *Mehaffy,* 13 Fed. 481; 4 C.J.S. (Appeal and Error) section 567; *Bock* v. *Sank,* 110 N. W. 257; *Gerrior* v. *Superior Court,* 69 Cal. App. 186; *Ellinwood* v. *McCoy,* 133 Cal. App. 597; *Jarman* v. *Rea,* 129 Cal. 157; and *Cohen* v. *Connick,* 26 Cal. App. 491.

Since our purpose is to suggest a starting point for further investigation, we shall not now pursue the inquiry.

The motion will be denied.

Mr. Justice De Jesús took no part in the decision of this case.